IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER COLARULLO,<br><br>Plaintiff,<br><br>-against-<br><br>J&M TOWING, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHRISTOPHER COLARULLO (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant J&M TOWING, INC. (hereinafter "Defendant").

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### NATURE OF THE ACTION

1

3. Plaintiff brings this action after the Defendant illegally repossessed his vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B.  Plaintiff also brings a claim against the Defendant for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, actual damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Randolph, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant J&M TOWING, INC., (hereinafter referred to as "J&M"), is a repossession company, with its principal place of business in Ashland, Massachusetts.

7. Upon information and belief, Defendant J&M is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant J&M is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

9. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

10. The Plaintiff owns a 2008 Mercedes C-Class, which was financed with a loan through

Sensible Auto Lending, LLC.

11. The Plaintiff purchased and uses the Mercedes C-Class for his personal use and enjoyment.

12. The Sensible Auto loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

13. Sometime prior to August 25, 2020, the Plaintiff fell behind on his obligations to Sensible Auto.

14. As a result, Sensible Auto contracted with J&M to repossess the Plaintiff's vehicle.

15. At approximately 1:00 a.m. on August 25, 2020, the Plaintiff saw the Defendant's tow truck in his driveway, located at 248 Lincoln Street, in Lexington, Massachusetts.

16. Plaintiff then went outside his home and saw that the Defendant was in the process of attempting to tow his vehicle from his driveway, which is private property.

17. The Plaintiff confronted the person moving his vehicle, who – at that point – was attempting to secure the Plaintiff's vehicle for the trip to the repo yard.

18. The Plaintiff advised the individual – identified as an employee of J&M – that he had no right to repossess his vehicle from the Plaintiff's driveway and to get off the Plaintiff's property.

19. J&M's employee then positioned himself next to another employee of J&M who was present, both facing the Plaintiff, and threatened the Plaintiff that, "We can do this the easy way or the hard way," in a menacing manner.

20. In completing its illegal repossession, Defendant damaged both the Plaintiff's yard when pulling onto the grass to tow the Plaintiff's vehicle, as well as causing damage to the Plaintiff's vehicle.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f *et seq.***

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

22. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

23. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

>    (A)   there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
>    (C)   the property is exempt by law from such dispossession or disablement.

24. At the time of the repossession, the Plaintiff's vehicle was parked on his private property – his driveway – during the time that the Defendant unlawfully repossessed his vehicle.

25. To repossess the Plaintiff's vehicle, the Defendant trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

26. Plaintiff never consented to the Defendant's entry upon his property to repossess his vehicle.

27. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property and was prohibited from repossessing it.

28. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property, Plaintiff's vehicle

4

was clearly exempt from repossession or disablement.

29. As a result, the Defendant violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on August 25, 2020.

30. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

31. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration, and embarrassment, and by damaging the Plaintiff's yard and property.

32. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL TRESPASSORY REPOSSESSION
### M.G.L. c. 255B, § 20B *et seq.*

33. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Massachusetts law does not permit non judicial or "self-help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

35. On or about August 25, 2020, J&M repossessed the vehicle by illegally entering the

Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

36. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

37. As a direct and proximate result of the Defendant's trespassory repossession, Plaintiff suffered damages including the loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment and damage to the Plaintiff's property.

## COUNT III

### BREACH OF THE PEACE REPOSSESSION
### M.G.L. c. 106, § 9-609 *et seq.*

38. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

39. Massachusetts only permits self-help repossession of consumer motor vehicles where possession can be obtained without breach of the peace. M.G.L. c. 255B, § 20B(a), see also c. 106, § 9 609(b).

40. Defendant breached the peace when it continued to repossess the vehicle after Plaintiff objected to the vehicle's seizure, and by threatening Plaintiff during the course of the repossession.

41. As a direct and proximate result of the Defendant's breach of the peace repossession, Plaintiff suffered damages including damage to his property, the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional

harm including frustration and embarrassment.

## COUNT IV

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*

42. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

43. At all relevant times, the Defendant was engaged in trade or commerce.

44. The Defendant unfairly and deceptively collected on the Plaintiff's loan with Sensible Auto via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

45. On or about November 18, 2020 – more than thirty days before this lawsuit was filed – a demand letter was mailed to Defendant, setting forth Plaintiff's claim under General Laws c. 93A.

46. No response to this Demand Letter was ever received from the Defendant.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    awarding Plaintiff his actual damages incurred;

    (b)    Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

    (c)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 10, 2021

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO:  680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**